**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JERRY WILSON, | Case No. 2:24-cv-00718-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| JAMES DZURENDA, *et al.*, | |
| Defendants. | |

Plaintiff filed this civil-rights action under 42 U.S.C. § 1983 while he was incarcerated at High Desert State Prison. ECF No. 1-1 at 1. On February 12, 2025, the Court entered an Order noting that the Nevada Department of Corrections inmate database showed that Plaintiff had been released from custody. ECF No. 4 at 1. Therefore, the Court ordered Plaintiff to do two things by March 12, 2025: (1) file his updated address with the Court and (2) either file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full $405 filing fee. Id. The Court warned Plaintiff that failure to timely comply with that Order would subject this case to dismissal without prejudice. Id. That Order was returned to the Court as undeliverable. ECF Nos. 5, 6. Plaintiff also has not complied with the Order, moved for an extension, or otherwise responded.

**I.    DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local

rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Here, this action cannot realistically proceed without the ability for the Court and the Defendants to send Plaintiff case-related documents, filings, and orders. Nor can it realistically proceed until and unless Plaintiff either files a fully complete application to proceed *in forma pauperis* for non-prisoners or pays the full $405 filing fee. The only alternative to dismissal, therefore, is to enter a second order setting another deadline. But without an updated address, the likelihood that the second order would even reach Plaintiff is low, so issuing a second order will only delay the

inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

## II. CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court's February 12, 2025, Order by not filing an updated address and not either filing a fully complete application to proceed *in forma pauperis* for non-prisoners or paying the full $405 filing fee. The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that Plaintiff may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this Order. In this motion, Plaintiff is required to explain what circumstances delayed him from paying the filing fee or filing the application to proceed *in forma pauperis* and a complaint in compliance with LSR 2-1. If the Court finds there to be good cause or a reasonable explanation therein, the Court will reopen the case and vacate the judgment.

**DATED**: April 7, 2025.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**